KENNON, Judge.
Plaintiffs, Garner Smith and his wife, Annie, filed suit to recover more than $6000 in damages, allegedly resulting from beatings unjustifiedly administered to them by the five named defendants. Defendants, Homer Channel and his wife, Bertha Mae Channel, admitted striking both plaintiffs, but averred that they did SO' in self-defense. The other three defendants, Herman Davis, Bobbie Lee Davis and Seymore Davis, in answer denied the beatings charged.
The case is before us on an appeal from a judgment of the District Court rejecting the demands of both plaintiffs as to all defendants.
All parties litigant, and their witnesses, are residents of a colored neighborhood near the Shreveport city limits. Plaintiffs testified that Garner Smith went to the house of Henry Ellis, where he habitually secured water, drew two buckets of water and endeavored to peaceably return home when the defendants, armed with a variety of weapons, assaulted him verbally and physically, both near the well and on his way home.
Plaintiffs introduced Henry Ellis, owner of the water well premises, who testified that he was in his kitchen making coffee on the morning in question; that when he came to the door after hearing the disturbance, the fight had already started and that he “didn’t see the first lick.” He also testified that he did not see the end of the fight; that he left the contestants “out there in the street and went on back in the house,” after telling “them all to stay out of the yard except him (plaintiff Smith).”
*659 Ellis verified plaintiffs’ testimony that defendant, Homer Channel, had Garner Smith down on the ground and was on top of him. This verification of this one fact was of little aid to plaintiffs for the reason that Homer Channel himself admitted that he threw plaintiff, Garner Smith, to the ground, but testified that he did so only after Smith had attacked him with a goose-neck hoe.
The only other corroborating witness introduced by plaintiffs was the wife of Henry Ellis. She testified that defendant, Herman Davis, threw a stick at Garner Smith which Smith dodged; that her husband, at her request, came to the door and ordered all of them to get out of his yard and then returned to making coffee; that after Garner Smith started home, Homer Channel hit him and threw him down, and that Bertha Mae Channel had Smith’s wife down pulling her hair and telling her that she would show her “what a Texas woman would do.” Her testimony in the main was that defendants started the difficulty.
Defendants testified that plaintiff, Garner Smith, started the hostilities, both verbally and physically; that while at the well he threw at Herman Davis with a scant-ling (a piece of board); that Herman in turn threw at him; Homer Channel testified that Smith began “cussing me and my wife;” that Smith’s wife came up, giving her husband a hoe; that Gamer Smith promptly endeavored to make effective use of the hoe against Channel, whereupon Channel threw him down and hit him two or three times with his fist. Defendant, Bertha Mae Channel, similarly testified that Smith called her a lot of bad names; that' he “chopped” at her husband with the hoe, which Smith’s wife had timely provided; that her husband then entered a clinching fight with Smith, whereupon Smith’s wife intervened. Bertha Mae Channel testified that it was at this point that she “run up and grabbed her (Annie Smith) and throwed her down.”
Three or four local residents witnessed the affray. One of these, Ethel Mae Kemp, testified that she saw Smith “chopping at” Channel with a hoe and that they “went together and all the folks gathered around them, I didn’t have time to stay and watch the fight, but I went on to work.” Over objections of counsel for plaintiffs, she testified that she too had had trouble with Smith, whom she described in the following sentence: “He’s a peace-breaker, that’s what he is; a disturber.”
These neighbors verified defendants’ testimony that after the fighters were separated and all had returned to their own premises, plaintiff, Garner Smith, came back to the vicinity of defendants’ homes with a Winchester rifle which he flourished around promiscuously, threatening to “shoot them all.”
A further detailed recitation of the testimony pro and con would not serve any useful purpose. The preponderance of the evidence is to the effect that plaintiffs were belligerent in their attitude and actions and could fairly be labeled as the agressors. Certain it is that plaintiffs did not meet the burden of establishing their case by a reasonable preponderence of the evidence. Consequently, the decision of the trial judge, which rejects plaintiffs’ demands, is eminently correct.
The judgment is affirmed, with costs.